# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-2117-RPM

**ALAN MEINS**; and
**PATRICK ALLEN**,

       Plaintiffs,

v.

**VESTAS BLADES AMERICA, INC.**,

       Defendant.

---

### VESTAS BLADES' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION OF DOCUMENTS

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Vestas Blades America, Inc. ("Vestas Blades"), by and through its attorneys, hereby responds to Plaintiffs Alan Meins' and Patrick Allen's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission as set forth below.

## I.    PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

### A.    Preliminary Statement

Vestas Blades has made a reasonable and good-faith effort to respond to those Discovery Requests that are intelligible in the context of this case, and are not otherwise objectionable. Vestas Blades has not yet completed its investigation of the facts giving rise to this case, received all documents relating to this case (although it has made reasonably diligent and good-faith efforts to appropriately and in a timely fashion collect documents that it is producing in

connection with these Requests), interviewed all witnesses in connection with this case, or completed its discovery or preparation of the factual and legal issues in this case. Therefore, each of the following responses is based upon information known to Vestas Blades at this time and specifically known to it after a reasonable inquiry.

These responses are made in a good-faith effort to supply documents presently in Vestas Blades' possession, custody, or control, or factual information as it is presently known, but are in no way to be to the prejudice of Vestas Blades in relation to further discovery, research, or analysis.

**B.**   **Vestas Blades' General Objections to Plaintiffs' Requests and Instructions and Definitions**

1.      Vestas Blades objects to the Discovery Requests to the extent they seek to impose upon Vestas Blades obligations or burdens greater than, or in contradiction to, those imposed by the applicable portions of the Federal Rules of Civil Procedure. Vestas Blades will produce documents responsive to the Discovery Requests that are relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

2.      Vestas Blades objects to the Discovery Requests as overly broad and unduly burdensome to the extent they purport to require Vestas Blades to perform any unreasonable additional search or inquiry for documents or information. Vestas Blades will undertake: (a) a reasonable and thorough search for documents or information maintained in its possession, custody, or control, in locations where documents or information responsive to the Discovery

Requests are most likely to be found; and (b) a reasonable and thorough inquiry of those persons reasonably available to Vestas Blades who are most likely to have knowledge of documents or information responsive to the Discovery Requests.

3.      Vestas Blades objects to Instruction No. 5 to the extent it purports to impose an obligation on Vestas Blades beyond that imposed by Federal Rule 26(b)(5). Specifically, Vestas Blades will not log privileged communication(s), Document(s), or information post-dating the initiation of this litigation.

4.      Vestas Blades objects to the definitions of "identify" and "describe" for the reasons set forth in Section I.C. below.

### C.      Specific Objections Applicable to Each Request

1.      Vestas Blades objects to the production of any information or documents falling within the scope of (i) the attorney-client privilege; (ii) any other statutory or common law privilege or protection, including the common interest and allied litigant doctrines; or (iii) the attorney work product doctrine. Such materials protected from disclosure also would include communications between Vestas Blades and its counsel, and associated work product, made subsequent to the filing of this matter or created in anticipation of and in connection with this litigation. Vestas Blades presumes Plaintiffs would not contest the privileged nature of such communications and work product, just as Vestas Blades would not contest such communications between Plaintiffs and their counsel. Accordingly, such documents will not appear on any privilege log. Further, Vestas Blades reserves the right to assert the protections of attorney-client privilege or attorney work product to any document not located at the time of these responses that may be responsive to this set of discovery.

2.      Vestas Blades objects to Requests for Production Nos. 1-9 because each Request seeks "all" documents of a given subject matter. The use of "all" seeks information that is duplicative or cumulative of other documents that might contain some information related in some way to the topic (but in a remote or tangential manner), or may be found in a location within the company that would not be expected to maintain documents or information relevant to this matter; on those bases, the use of "all" renders each Request overly broad and unduly burdensome. Vestas Blades has searched for and collected those documents referenced in its response to a given request. Undoubtedly, for some of these requests, otherwise responsive documents exist that are not being collected, reviewed, or produced by Vestas Blades, but Vestas Blades is not aware of any non-duplicative, non-piecemeal information that is being withheld on this basis.

3.      Vestas Blades objects to Interrogatories 1-7 because each Interrogatory calls on Vestas Blades to "identify" or "describe" certain information, which are defined terms. Those defined terms are significantly overbroad and unduly burdensome. In particular, Vestas Blades cannot possibly pinpoint the exact date, form, and place of every communication identified or described in Vestas Blades' responses to the Interrogatories. That specificity, if it can be recalled at all, is appropriate for fact witness depositions. Further, in lieu of describing or identifying information, Vestas Blades will produce documents or communications. In addition, Vestas Blades objects to giving personal contact information for its current and former employees. To the extent Plaintiffs wish to speak with these individuals about matters that relate to their employment with Vestas Blades, such contact should be made through Vestas Blades' outside counsel, Wheeler Trigg O'Donnell LLP.

4.      In responding to the Discovery Requests, Vestas Blades does not waive or intend to waive, but rather reserves the right to object on all appropriate grounds to the introduction of any evidence covered or referred to in the specific responses below.

5.      No incidental or implied admissions are intended by the individual responses below. The fact that Vestas Blades has responded or objected to any Discovery Request shall not be deemed an admission that Vestas Blades accepts or admits the existence of any facts set forth or assumed by such Request, or that such response or objection constitutes admissible evidence. The fact that Vestas Blades has responded to a Request is not intended to be, and shall not be construed as, a waiver by Vestas Blades of any part of any objection to the Request.

Vestas Blades' Preliminary Statement, General Objections to Plaintiffs' Requests and Instructions and Definitions, and Specific Objections Applicable to Each Request apply to each and every response given below and are incorporated by reference as though fully set forth in each of the following responses.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the Persons who prepared or assisted You in preparing Your Responses to these Discovery Requests. In so doing, specify the number of each Request and Answer that each person prepared or assisted with.

### RESPONSE TO INTERROGATORY NO. 1:

Vestas Blades objects to this Interrogatory to the extent it calls for information that is protected from discovery by the attorney-client privilege and/or attorney work product doctrine.

Vestas Blades further objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad such that Vestas Blades is unable to ascertain the scope of the Interrogatory.

Subject to and without waiving the foregoing objections, Vestas Blades states as follows: Beth King, a Senior Litigation Paralegal for Vestas Blades, and counsel for Vestas Blades assisted Vestas Blades in preparing its Responses to these Discovery Requests. In addition, Heather Gabaldon and Sandy Casteel assisted counsel for Vestas Blades in the preparation of Vestas Blades' responses to Interrogatories 2 and 4.

**INTERROGATORY NO. 2:**

Identity the Persons who participated in, was consulted, and/or authorized the decision to terminate the employment of each Plaintiff, including each individual's name, title, where the employee is located, and a description of his/her participation and the dates of that participation. Identify all documents supporting Your Response.

**RESPONSE TO INTERROGATORY NO. 2:**

Vestas Blades objects to this Interrogatory as vague and ambiguous as to the meaning of "participated in, was consulted, and/or authorized the decision to terminate the employment of each Plaintiff." Vestas Blades also objects to this Request as unduly burdensome. In particular, the Request calls on Vestas Blades to describe with specificity the circumstances surrounding such participation, consultation and authorization. Vestas Blades' investigation is ongoing, and Vestas Blades reserves the right to amend and/or supplement its answer to this Interrogatory as appropriate.

Subject to and without waiving the foregoing objections, Vestas Blades states as follows: In the Spring of 2016, Heather Gabaldon, Vestas Blades' HR Business Partner located in

Windsor, Colorado, together with Sandy Casteel, who was then Vestas Blades' Worker's Compensation and Leave Administrator and also based in Windsor, Colorado, reviewed Plaintiffs' files as part of an overall review of employee leaves of absence. Ms. Gabaldon and Ms. Casteel saw that Plaintiffs had been on extended leaves of absence, remained significantly medically restricted, and had no prospect of promptly returning to work in any capacity. Accordingly, Ms. Gabaldon recommended that Vestas Blades terminate Plaintiffs' employment. Cathy Farian, Vestas Blades' Benefits Analyst and Benefits Administration Team Leader based in Portland, Oregon, concurred in Ms. Gabaldon's recommendation. Hans Jespersen, Vice President, General Manager of Vestas Blades' Windsor facility (based in Windsor), approved Ms. Gabaldon's termination recommendation, as did Chad Reese, Vestas Blades' Director of People & Culture based in Portland, Oregon.

**INTERROGATORY NO. 3:**

Identify all vacant positions and all internal and external job postings in Your Windsor, Brighton, and Pueblo Facilities from January 1, 2014 until June 1, 2016. Identify all documents supporting Your Response.

**RESPONSE TO INTERROGATORY NO. 3:**

Vestas Blades objects to this Interrogatory as overly broad and unduly burdensome and as seeking information that is irrelevant to the parties' claims and defenses, because it asks Vestas Blades to identify all vacant positions and all internal and external job postings in its Windsor, Brighton, and Pueblo Facilities beginning in January 1, 2014. Patrick Allen was not placed on leave until June 2015, and Alan Meins was not placed on leave until September 2015.

Subject to and without waiving the foregoing objections, Vestas Blades states that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived from the records Vestas Blades is producing and will produce, including a spreadsheet titled "Positions filled in CO 06-01-2015 to 08-01-2016."

**INTERROGATORY NO. 4:**

Describe all efforts, and any Documents supporting such efforts, that You made to accommodate Plaintiffs' respective disabilities during their employment. In Your Response, Identify: (1) the persons who conducted all such efforts and actions; (2) the dates of such efforts and actions; (3) what accommodations were considered and why any such accommodation was ultimately rejected or denied, and (4) all Documents supporting Your Response.

**RESPONSE TO INTERROGATORY NO. 4:**

Vestas Blades objects to this Interrogatory as vague and ambiguous as to the terms "efforts" and "actions." Vestas Blades also objects to this Interrogatory as unduly burdensome. In particular, the Interrogatory calls on Vestas Blades to describe with specificity each and every "effort" and "action" Vestas Blades made to accommodate Plaintiffs' respective disabilities during their employment, including the dates of such efforts and actions, which is an impossible task given the 1.5-year period between the time of Plaintiffs' report of injuries and their termination and the subsequent passage of time since then. By answering this Interrogatory, Vestas Blades in no way represents that the actions and efforts described constitute the sum total of Vestas Blades' efforts and actions to accommodate Plaintiffs. Vestas Blades' investigation is ongoing, and Vestas Blades reserves the right to amend and/or supplement its answer to this Interrogatory as appropriate.

Subject to and without waiving the foregoing objections, Vestas Blades states as follows:

When Plaintiffs were injured, Vestas Blades placed each of them on temporary light duty administrative work for a period of approximately eight months. During that time, Vestas Blades' personnel, including Cindy Olivas, Steve Heinike, Sue Refner, Sandy Casteel, Joan Vigil, and John Quist coordinated work assignments for Plaintiffs to ensure they could be productive and remain working within their medical restrictions.

In Mr. Allen's case, Vestas Blades approved employee leave from June 2015, when Vestas Blades ran out of light-duty work for him to perform, to the date of his termination. In Mr. Meins' case, Vestas Blades approved employee leave from September 2015, when he had surgery on his arm, to the date of his termination.

On multiple occasions during his temporary light duty, Mr. Meins asked to become a permanent employee in a light duty position. Vestas Blades personnel informed him that light duty positions are not permanent, only temporary. That is, in fact, true. The only permanent administrative roles are for upper management, and neither Mr. Meins nor Mr. Allen was qualified for those positions.

Vestas Blades personnel, including Sue Refner and Cindy Olivas, considered Patrick Allen's request to use a respirator and work on the Vestas Blades Windsor factory floor, either in his original Production position or otherwise. However, Mr. Allen's medical restrictions were so severe that Vestas Blades personnel determined that it was not a reasonable or safe accommodation.

Sometime in October 2015, Vestas Blades personnel learned that Mr. Meins retained an attorney. Therefore, Vestas Blades personnel could not talk to Mr. Meins or his doctors directly.

Vestas Blades communicated with its worker's compensation insurer and its leave administrator for updates on Mr. Meins' condition. Mr. Meins' medical restrictions continued in full effect.

From the time Mr. Allen went out on leave in June 2015 to April 2016, Sandy Casteel attempted to contact Mr. Allen on several occasions but he did not respond to her. During this time, Mr. Allen informed Cindy Olivas that he had gotten an attorney, who instructed him not to speak to anyone at Vestas Blades.

In April 2016, Alan Meins requested job-protected leave as an ADA accommodation from February 2, 2016 through June 30, 2016. Given that it had been 15 months since Meins first reported his injury, that his doctors continued to impose the same medical restrictions, and that he showed no signs of improvement, Vestas Blades personnel determined that his request was not reasonable.

Heather Gabaldon was hired as the HR Business Partner at Vestas Blades in February 2016. When Ms. Gabaldon was hired, she conducted a review of Vestas Blades Windsor employees who were out on leave, including Mr. Meins and Mr. Allen. This review included their existing positions and medical restrictions, and whether there were open positions for which they were qualified and to which they could apply. At the time, neither Mr. Meins nor Mr. Allen had been cleared by their doctors, so they could not be considered for any positions that were open for which they were qualified, regardless of their availability.

Vestas Blades' response to this Interrogatory is based on the personal recollections of Cindy Olivas, Sandy Casteel, and Heather Gabaldon.

**INTERROGATORY NO. 5:**

Identify all employees and former employees who requested an accommodation(s) for a disability(ies) in Your Windsor, Brighton and Pueblo Facilities from January 1, 2014 until the date of Your Response. In Your Response, include for each requesting employee: (1) name and contact information; (2) date of request; (3) title/position/facility at the time of request; (4) disability; (5) what accommodation was requested; (6) the date the accommodation was requested; (7) what accommodation (if any) was provided and for what time period; (8) all individuals who participated in making the accommodation determination; and (9) dates of employment. Identify Documents supporting Your Response.

**RESPONSE TO INTERROGATORY NO. 5:**

Vestas Blades objects to this Interrogatory as overly broad and unduly burdensome and as seeking irrelevant information on the basis that it asks Vestas Blades to identify all employees and former employees who requested an accommodation(s) for a disability(ies) in the Windsor, Brighton and Pueblo Facilities from January 1, 2014 until March 20, 2019. The time period called for is unreasonable. Patrick Allen was not placed on leave until June 2015, and Alan Meins was not placed on leave until September 2015. And their employment was terminated in May of 2016.

Vestas Blades further objects to this Interrogatory as overly broad and unduly burdensome and as seeking information that is irrelevant to the parties' claims and defenses, on the basis that it seeks information pertaining to the Brighton and Pueblo Facilities. This case pertains to one Vestas Blades facility in Windsor, Colorado. The accommodation of employees at the Brighton and Pueblo facilities has no bearing on any issue in the case. Accordingly, the

burden and expense of collecting such information would not be proportional to the needs of the case.

Vestas Blades further objects to this Interrogatory as unduly broad and unduly burdensome because it calls for detailed information relating to employee accommodations that Vestas Blades did not keep information in the ordinary course of its business. Vestas Blades does not have the obligation to review, nor will it be put to the significant and undue burden of reviewing, historic employee files and generating, for the sole purpose of this litigation, the (1) name and contact information of every employee who requested an accommodation; (2) the date of request; (3) the title/position/facility at the time of request; (4) the disability; (5) what accommodation was requested; (6) the date the accommodation was requested; (7) what accommodation (if any) was provided and for what time period; (8) all individuals who participated in making the accommodation determination; and (9) dates of employment.

Subject to and without waiving the foregoing objections, Vestas Blades states that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived from the records Vestas Blades is producing and will produce, including a spreadsheet titled "Accommodation for WC," showing the names of employees at the Windsor facility who requested accommodations and the accommodations they received, and containing comments relating to the employees, in the 2014-2016 timeframe.

**INTERROGATORY NO. 6:**

Identify any and all complaints (including, but not limited to, lawsuits, administrative charges, and internal complaints) by or on behalf of an employee that he or she was suffering on-the-job discrimination, harassment or retaliation because of age or for making age-related

complaints in Your Windsor, Brighton, and Pueblo Facilities from January 1, 2014 until the date

of Your Response. For each complaint, Identify: (1) name, age, and contact information for the

employee; (2) a brief description of the complaint; (3) date the complaint was made and to

whom; (4) what, if anything You did in response to the complaint; (5) the resolution (if any); and

(6) Documents supporting Your Response. For purposes of this Request, "complaints" refers to

informal or formal criticisms made directly to Vestas or its agents or representatives, charges

made to the EEOC or to the CCRD, and complaints filed in federal or state courts.

## RESPONSE TO INTERROGATORY NO. 6:

Vestas Blades objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks information that is irrelevant to the parties' claims and defenses. This

case pertains to one Vestas Blades facility in Windsor, Colorado. The complaints of employees

at the Brighton and Pueblo facilities have no bearing on any issue in the case. Accordingly, the

burden and expense of collecting such complaints would not be proportional to the needs of the

case.

Vestas Blades further objects to this Request for lack of a reasonable time limitation. In

particular, Plaintiffs were terminated on or around June 1, 2016 and claim that their termination

resulted from discriminatory animus regarding their respective ages. Accordingly, Plaintiffs'

request for employee complaints related to age-based harassment or retaliation post-dating their

termination seeks irrelevant information and is not proportional to the needs of the case.

Vestas Blades further objects to this Interrogatory as overly broad and unduly

burdensome because it calls for information relating to age-related employee complaints that is

so detailed that Vestas Blades did not keep such information in the ordinary course of its

business. Vestas Blades does not have the obligation to review, nor will it be put to the significant and undue burden of reviewing, historic employee files and generating, for the sole purpose of this litigation, the (1) name, age, and contact information for each complaining employee; (2) a brief description of the complaint; (3) date the complaint was made and to whom; (4) what, if anything Vestas Blades did in response to the complaint; (5) the resolution (if any); and (6) Documents supporting Vestas Blades' Response.

Vestas Blades further objects to this Interrogatory as overly broad and unduly burdensome in that it calls on Vestas Blades to detail even informal complaints made by Vestas Blades employees. That is an impossible task, and Vestas Blades will not be put to the burden of interviewing every Vestas Blades agent or representative to determine whether, at some point in time, an employee made a complaint about being subject to age-related discrimination.

Subject to and without waiving the foregoing objections, Vestas Blades states that, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory can be derived from the records Vestas Blades is producing and will produce, including a spreadsheet titled "US report for Beth King," which tracks employee complaints submitted to the Vestas Blades Ethics Line from October 24, 2007-September 2018 (references to "Vestas Manufacturing" on the spreadsheet include Vestas Blades' Windsor facility and the Brighton and Pueblo facilities); and a spreadsheet titled "Colorado disputes," which lists employment disputes involving Vestas Blades' Windsor facility and the Brighton and Pueblo facilities from 2013 to the present.

**INTERROGATORY NO. 7:**

Identify the author of VESTAS 0009-12.

**RESPONSE TO INTERROGATORY NO. 7:**

The name of the electronic file containing VESTAS 0009-12 is "docs from cindy office.pdf." On that basis, Vestas Blades assumes that Cindy Olivas was the author of VESTAS 0009-12, which are handwritten notes. Vestas Blades reserves the right to amend its response to this Interrogatory should additional information become available.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all Documents identified, referred to, referenced, or used by You in formulating Your Responses to the above Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Vestas Blades objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Vestas Blades further objects to this Request on the grounds that it is vague, ambiguous, and overly broad such that Vestas Blades is unable to ascertain the scope of the requested documents sought.

Subject to and without waiving the foregoing objections, there are no non-privileged documents that Vestas Blades identified, referenced or used in formulating its responses to Plaintiffs' Interrogatories that Vestas Blades has not produced or is not producing herewith.

**REQUEST FOR PRODUCTION NO. 2:**

Produce each Plaintiffs' complete personnel or personnel-type file(s) including, but not limited to: Documents reflecting or relating to compensation, bonuses, awards, performance; terms and conditions of employment; application(s) for employment; employee benefits; organizational charts, job responsibilities, job descriptions; medical records; requests for leave,

time off, and accommodations; Communications; any and all disciplinary actions; termination

record(s); time records and work hours; and any and all other Documents contained in her

personnel or personnel-type file.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Vestas Blades objects to this Request as vague and ambiguous in its use of the term

"personnel-type file(s)." Vestas Blades further objects to this Request as improperly compound.

Vestas Blades further objects to this Request to the extent it seeks attorney-client privileged

Communications.

Subject to and without waiving the foregoing objections, Vestas Blades has produced, is

producing, and will produce Plaintiffs' personnel files.

**REQUEST FOR PRODUCTION NO. 3:**

Produce Vestas's organization charts for the period January 1, 2014 to the date of Your

Response, including but not limited to all Vestas facilities in North America.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Vestas Blades objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks information that is irrelevant to the parties' claims and defenses. This

case pertains to one Vestas Blades facility in Windsor, Colorado. The organizational charts for

other Vestas Blades facilities throughout North America have no bearing on any issue in the

case. Accordingly, the burden and expense of collecting such charts would not be proportional to

the needs of the case. Vestas Blades further objects to this Request for lack of a reasonable time

limitation. Plaintiffs' employment was terminated on or around June 1, 2016. Therefore,

information pertaining to how Vestas Blades' Windsor facility was organized before June 1, 2015 and how it was organized after June 1, 2016 is irrelevant.

Subject to and without waiving the foregoing objections, and in light of the Court's instruction at the Scheduling Conference held February 14, 2019, Vestas Blades will produce organizational charts to the extent such charts are in Vestas Blades' possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents reflecting communications or attempts to communicate between Vestas and third parties regarding Plaintiffs. For purposes of this Request, "third parties" includes but is not limited to Plaintiffs and their agents and representatives, medical practitioners, Concentra, Pinnacol, and UNUM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Vestas Blades objects to this Request as vague and ambiguous in its use of the term "reflecting." Vestas Blades further objects to this Request as facially seeking irrelevant information, in that communications with third parties regarding Plaintiffs that do not pertain to the issues in this case could exist.

Subject to and without waiving the foregoing objections, Vestas Blades has produced, is producing, and will produce Documents reflecting communications or attempts to communicate between Vestas Blades and third parties regarding Plaintiffs.

**REQUEST FOR PRODUCTION NO. 5:**

Any written policies Vestas relied on in terminating Plaintiffs' employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Vestas Blades objects to this Request as assuming that Vestas Blades relied on written polic(ies) in terminating Plaintiffs' employment.

Subject to and without waiving the foregoing objection, Vestas Blades has produced, is producing, and will produce any written policies Vestas Blades relied on in terminating Plaintiffs' employment.

**REQUEST FOR PRODUCTION NO. 6:**

Records and notes of Vestas' investigations, if any, of Plaintiffs' complaints made during their employment at Vestas regarding discrimination and harassment on the basis of age and/or disability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Vestas Blades objects to this Request as improperly compound, in that it seeks records and notes of Vestas's investigations, if any, of Plaintiffs' complaints made regarding discrimination and harassment on the basis of age and/or disability. As such, Vestas Blades will treat this Request as two Requests for Production.

Subject to and without waiving the foregoing objections, Vestas has produced, is producing, and will produce records and notes of Vestas' investigations, if any, of Plaintiffs' complaints made during their employment at Vestas regarding discrimination and harassment on the basis of age and/or disability.

**REQUEST FOR PRODUCTION NO. 7:**

Provide contemporaneous written job descriptions for all positions in the Windsor, Brighton, and Pueblo facilities for the dates January 1, 2014 until the date of production.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Vestas Blades objects to this Request as vague in the use of the term "contemporaneous." Vestas Blades further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to the parties' claims and defenses. In particular, the Request seeks job descriptions for all positions in the Windsor, Brighton, and Pueblo facilities, regardless of whether the position was actually vacant during the relevant period. Vestas Blades further objects to this Request for lack of a reasonable time limitation. Patrick Allen did not go out on leave until June 1, 2015, and Alan Meins did not go out on leave until September 2015. Therefore, information pertaining to positions at the three facilities before June 1, 2015 and after June 1, 2016 is irrelevant.

Subject to and without waiving the foregoing objections, Vestas Blades has produced, is producing, and will produce written job descriptions for positions at the Windsor, Brighton, and Pueblo facilities that were vacant between June 1, 2015 and June 1, 2016.

### REQUEST FOR PRODUCTION NO. 8:

Produce all Documents Vestas has to support its Third Defense.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Vestas Blades objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and attorney work product doctrine.

Subject to and without waiving the foregoing objection, Vestas Blades has produced, is producing, and will produce Documents Vestas Blades has to support its Third Defense.

### REQUEST FOR PRODUCTION NO. 9:

Produce all Documents Vestas has to support its Fifth Defense.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Vestas Blades objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and attorney work product doctrine.

Subject to and without waiving the foregoing objection, Vestas Blades has produced, is producing, and will produce Documents Vestas Blades has to support its Fifth Defense.

## REQUESTS FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

Admit that, from at least the period of August 2014 through June 2016, Plaintiff Alan Meins was disabled as that term is defined under the Americans with Disabilities Act, as amended, in that he was substantially limited in the major life activity of performing certain manual tasks, including repetitive pushing, pulling, gripping, and twisting of both arms.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Deny. Alan Meins did not report his injury to Vestas Blades until October 2014.

## REQUEST FOR ADMISSION NO. 2:

Admit that, from at least the period of August 2014 through June 2016, Plaintiff Patrick Allen was disabled as that term is defined under the Americans with Disabilities Act, as amended, in that he was substantially limited in the major life activity of breathing.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Deny. Patrick Allen did not report his injury to Vestas Blades until October 2014.

Dated:  March 20, 2019

Respectfully submitted,


*s/Thomas A. Olsen*
Tamera D. Westerberg
Thomas A. Olsen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   westerberg@wtotrial.com
           olsen@wtotrial.com

Attorneys for Defendant
Vestas Blades America, Inc.

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

     I HEREBY CERTIFY that a true and correct copy of the foregoing **VESTAS BLADES'
RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS
FOR PRODUCTION, AND REQUESTS FOR ADMISSION OF DOCUMENTS** was served
via the manner indicated below this 20th day of March, 2019, to the following:

- **Paula Greisen**
  greisen@kinggreisen.com

- **Meredith A. Munro**
  munro@kinggreisen.com; mool@kinggreisen.com

 

                      *s/ Faith Umaguing*
                      Faith Umaguing

## VERIFICATION OF HEATHER GABALDON ON BEHALF OF VESTAS BLADES

I, Heather Gabaldon, declare as follows:

I am an HR Business Partner with Vestas Blades America, Inc. ("Vestas Blades"). I am authorized to make this verification on behalf of Vestas Blades.

I have reviewed Vestas Blades' Responses to Plaintiffs' discovery requests and I am familiar with the contents thereof. Although not all of the information contained in these answers is within my personal knowledge, I am informed and believe, and on the basis of such information declare, that the facts stated in Vestas Blades' responses to Plaintiffs' interrogatories are true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 th day of March, 2019 in Windsor, Colorado.

Heather Gabaldon